IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TMTV, CORP.,

    Plaintiff,

    v.

MASS PRODUCTIONS, INC., et al.,

    Defendants.

CIVIL NO. 00-1338 (RLA)

### ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants MASS PRODUCTIONS, INC., EMMANUEL LOGROÑO, and GILDA SANTINI, have moved the court to dismiss the instant complaint alleging that plaintiff lacks standing to institute this copyright infringement suit. Specifically, movants contend that plaintiff does not have ownership rights over the programs at issue in this litigation.

### PROCEDURAL BACKGROUND

Plaintiff instituted this declaratory judgment action concerning authorship of a televised situation comedy ("sitcom") titled "20 Pisos de Historia", which aired weekly for over two years between 1997 and 1999 via the TELEMUNDO OF PUERTO RICO television station ("TELEMUNDO").

The court previously ruled that plaintiff was the work-for-hire author of the sitcom pursuant to validly entered into written agreements duly signed by the script authors.[1]

---

[1] *See*, Order Granting Plaintiff's Motions for Summary Judgment (docket No. 99).

**CIVIL NO. 00-1338 (RLA)**                                                              **Page 2**

The aforementioned sitcom commenced airing as part of a two-hour long television program titled "De Noche con Iris y Sunshine". Codefendant LOGROÑO was one of the two hosts of the program. The other was a well-known dancer and actress named IRIS CHACON. After some time, CHACON's participation ceased and the program was renamed "De Noche con Sunshine".

The program was produced by ANTONIO MOJENA ZAMPICO through one of his wholly-owned corporations.

In 1999, after approximately two years of airing the program which included the "20 Pisos de Historia" sitcom, LOGROÑO, without prior approval from plaintiff, moved together with other program actors to a different television channel where he produced and participated in another condominium-related sitcom entitled "El Condominio" which prompted this litigation.

In its previous Order, the court concluded that MIGUEL MORALES and ROBERTO JIMENEZ, under a work-for-hire scenario, were the sole authors of the first three scripts for the "20 Pisos de Historia" segment which were then used as the basis for the sitcom's first three pilot programs. The court further ruled that the sitcom was subject to copyright protection and that, pursuant to written confirmation from the authors, plaintiff was the copyright owner of the comedy segment "20 Pisos de Historia".

### SUMMARY JUDGMENT STANDARD

Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that they shall be granted "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sands v. Ridefilm Corp., 212 F.3d 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997). A genuine issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial. Morris v. Gov't Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of a lawsuit under the governing law. Morrissey v. Boston Five Cents Sav. Bank, 54 F. 3d 27, 31 (1st Cir. 1995).

"In ruling on a motion for summary judgment, the court must view 'the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor.'" Poulis-Minott v. Smith, 388 F.3d 354, 361 (1st Cir. 2004) (citing Barbour v. Dynamics Research Corp., 63 F.3d 32, 36 (1st Cir.1995)).

Credibility issues fall outside the scope of summary judgment. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citing

**CIVIL NO. 00-1338 (RLA)**                                                    **Page 4**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). *See also*, Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 432 (1st Cir. 2000) ("court should not engage in credibility assessments."); Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 49 (1st Cir. 1999) ("credibility determinations are for the factfinder at trial, not for the court at summary judgment."); Perez-Trujillo v. Volvo Car Corp., 137 F.3d 50, 54 (1st Cir. 1998) (credibility issues not proper on summary judgment); Molina Quintero v. Caribe G.E. Power Breakers, Inc., 234 F.Supp.2d 108, 113 (D.P.R. 2002). "There is no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, and no room for the judge to superimpose his own ideas of probability and likelihood. In fact, only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment.". Cruz-Baez v. Negron-Irizarry, 360 F.Supp.2d 326, 332 (D.P.R. 2005) (internal citations, brackets and quotation marks omitted).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, Anderson v. Liberty Lobby, Inc., 477 U.S. at 256-257, 106 S.Ct. 2505, 91 L.Ed.2d 202; Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2000); Grant's Dairy v. Comm'r of Maine Dep't of Agric., 232 F.3d 8, 14 (1st Cir. 2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 412 (1st

**CIVIL NO. 00-1338 (RLA)**                                                                 **Page 5**

Cir. 2000); Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994); Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## THE ISSUE

Defendants have challenged plaintiff's standing to bring this action arguing that: (1) plaintiff corporation was not in existence at the time the scripts were written, (2) the work-for-hire agreements only included the "De Noche con Sunshine" program but not the "20 Pisos de Historia" or the "De Noche con Iris y Sunshine" programs, and (3) TELEMUNDO holds the rights to "De Noche con Sunshine".

## DISCUSSION

According to the record, MR. MOJENA is an enterprising producer of television comedy shows who conducts his business through multiple wholly-owned corporations.

Defendants submitted duly signed copies of various of MOJENA's production agreements with TELEMUNDO of other programs which he produced through his corporations "DAME UN BREAK PRODUCTION INC." and "EL GRAN BEJUCO, INC." However, there is no written signed production agreement for the television show in question.[2] According to records from TELEMUNDO, payment for two episodes of the "De Noche con Iris y Sunshine" were made payable to "CREATIVE RELIEF, CORP.", another of MR. MOJENA's wholly controlled entities.

---

[2] Only an unsigned copy of a contract for the "De Noche con Sunshine" program - which was to be signed in February of 1997 by "EL GRAN BEJUCO, INC." through its president, MR. MOJENA - has been filed by defendants.

**CIVIL NO. 00-1338 (RLA)**                                                    **Page 6**

On January 27, 1999 "PROJECT TANGO ACQUISITION III, INC." another of MR. MOJENA's corporations, changed its name to "TMTV CORP.", named plaintiff in this case.

On February 1, 1999 CREATIVE RELIEF CORP. ratified an assignment of its rights to "De Noche con Iris y Sunshine", "De Noche con Sunshine" and "20 Pisos de Historia" programs to TMTV. According to the document, "on [sic] or about 1997, CREATIVE created and developed [the aforementioned] television programs [and through this document] hereby transfers and assigns to TMTV all of its property rights and obligations in the programs and their components".

In December 1999 MORALES and JIMENEZ subscribed identical work-for-hire contracts with TMTV, through MR. MOJENA, indicating that since October 1st, 1997 they had been hired as scriptwriters by TMTV for the "De Noche con Sunshine" program specifically recognizing TMTV as the sole owner of the copyrights of those scripts.

Defendants initially argue that inasmuch as TMTV was not in existence at the time that the work-for-hire took place, the aforementioned ratifications by the authors on behalf of TMTV are invalid. *See*, Billy-Bob Teeth, Inc. v. Novelty, Inc., 329 F.3d 586, 591 (7th Cir. 2003) (corporation not in existence at time copyrighted work was authored cannot qualify for work-for-hire provisions).

However, as plaintiff indicates, in December 1999 CREATIVE no longer had any rights over the aforementioned programs inasmuch as these had been previously assigned to TMTV. Thus, the documents corroborating the work for hire arrangement were made to the benefit

**CIVIL NO. 00-1338 (RLA)**                                                                              **Page 7**

of the assignee, TMTV, CREATIVE's successor in interest which was also the entity which was operational at the time.

Further, neither of the scriptwriters have raised any objections to plaintiff asserting copyright claims over the sitcom in these proceedings. Rather, in this particular case there is no dispute between MOJENA, as producer, and the two scriptwriters of what the terms of their arrangement was. Both MORALES and JIMENEZ explicitly acknowledged in their respective depositions that it was their understanding from the very beginning that their written work was the property of the producer of the program, i.e., MOJENA, inasmuch as he was the one who paid their fees. In other words, all scripts written by them for MR. MOJENA were property of the producer.

In the alternative, these documents could be construed as an assignment of rights by the authors under 17 U.S.C. § 201. Even though § 204 requires that assignments be made in writing[3] this provision has been construed to allow oral assignments which are subsequently confirmed in writing. <u>Billy-Bob Teeth, Inc.</u>, 329 F.3d at 591.

Defendants further challenge the work-for-hire agreements claiming that these only encompassed the "De Noche con Sunshine" program and not the "De Noche con Iris y Sunshine" and "20 Pisos de Historia" scripts. We find otherwise.

---

[3] 17 U.S.C. § 204(a) provides:

> A transfer of copyright ownership... is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and is signed by the owner of the rights conveyed or such owner's duly authorized agent.

**CIVIL NO. 00-1338 (RLA)**                                                                 **Page 8**

In his declaration under penalty of perjury MR. MOJENA described how the "De Noche" program developed as follows:

. . . .

2. That in the year 1997, one of my companies produced a two hour variety television program, which included a comedy segment denominated "20 Pisos de Historia."
3. Originally, the new variety talk show was hosted by Ms. Iris Chacón and Mr. Sunshine Logroño.
4. When Ms. Chacón left, the same program was hosted only by Mr. Logroño.
5. From the very beginning, this has been only one program, which has always included the comedy segment "20 Pisos de Historia."

Further, both scriptwriters reaffirmed the contents of the documents signed by them indicating that these reflected their respective agreements with MR. MOJENA regarding ownership of their work prior to writing the scripts. That is, the work for hire contracts essentially incorporated prior verbal agreements with MR. MOJENA ever since MESSRS. MORALES and JIMENEZ started writing for the program in October 1997 which, perforce, included the three seminal scripts for the "20 Pisos de Historia" sitcom.

Lastly, defendants argue that TELEMUNDO holds the work for hire rights to the "De Noche con Sunshine" program pursuant to clause 17 of a Production Agreement purportedly existing between TELEMUNDO and EL GRAN BEJUCO, INC. However, we do not find an unsigned copy of an agreement sufficient to establish a work-for-hire relationship with

MOJENA through one of his corporations - particularly when JOSE CANCELA, the person responsible for signing the alleged production agreement, has disclaimed it.[4]

In his verified statement MR. CANCELA indicated that while he was President of "all Telemundo stations, including the Puerto Rico television station, he "approved and authorized the conditions under which the production of the program that included "20 Pisos de Historia" was made." He further stated that TELEMUNDO "has not acquired and does not own any of the copyrights of said program [and that] [n]either Mr. Mojena nor any of his entities or corporation has signed nor agreed to sign any contract transferring to Telemundo the copyrights to the program "De Noche" in which "20 Pisos de Historia" originated in 1997 and subsequently developed until the year 1999."

The fact that it may have been the prior usage and custom at TELEMUNDO to prepare Production Agreements with such a clause does not contradict this testimony.

Based on the foregoing, defendants' Motion for Summary Judgment (docket No. **198**) is **DENIED**.[5]

IT IS SO ORDERED.

San Juan, Puerto Rico, this 22nd day of September, 2006.

                                    S/Raymond L. Acosta
                                    RAYMOND L. ACOSTA
                                    United States District Judge

---

[4] The document was prepared for the signature of JOSE CANCELA on behalf of TELEMUNDO.

[5] *See*, Opposition (docket No. **215**) and Reply (docket No. **226**) and Supplemental Motion (docket No. **224**).