IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TMTV, CORP.,

    Plaintiff,

v.

MASS PRODUCTIONS, INC., et al.,

    Defendants.

CIVIL NO. 00-1338 (RLA)

**ORDER AMENDING JUDGMENT
BASED ON THE ONE SATISFACTION RULE**

Defendants herein have moved the court to credit the settlement award paid by defendants in a separate copyright infringement proceeding to the damages set by the jury in this case.[1]

We shall entertain defendants' request as a Rule 60(b)(5) Fed. R. Civ. P. petition which allows for relief in cases where "the judgment has been satisfied, released or discharged". *See*, BUC Int'l Corp. v. Int'l Yatch Council Ltd., 517 F.3d 1271, 1274 (11th Cir. 2008); Torres-Troche v. Municipality of Yauco, 873 F.2d 499, 501 (1st Cir. 1989).

Plaintiff instituted this action alleging copyright infringement based on defendants' unauthorized production of infringing derivative

---

[1] It must be noted that a similar request was filed prior to trial which was denied by the court. See Defendants' Motion for Relief from Order Scheduling Trial on Damages (docket No. 289), Plaintiff's Response (docket No. 298) and Omnibus Order (docket No. 312). At that time plaintiff had yet to decide which type of damages it would pursue against defendants herein and no verdict assessing plaintiff's damages had been issued. Consequently, the court, at that point in time, was not in a position to grant the defendants' motion as more fully explained below.

**CIVIL NO. 00-1338 (RLA)**                                              **Page 2**

works which works were aired via television by the defendants named in <u>TMTV, Corp. v. Pegasus Broadcasting of San Juan, Inc.</u>, Civ. No. 05-1621(JP).

The one-satisfaction rule, which provides that payments previously made by persons jointly liable shall be credited to the sums due by judgment, has been found applicable to infringement suits brought under the Copyright Act. In <u>BUC Int'l Corp.</u>, 517 F.3d at 1276 the court explained this principle by indicating that it "generally provides that a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors." The underlying premise is "to prevent double recovery, or the overcompensation of a plaintiff for a single injury." *Id*. at 1277.

It is beyond peradventure that the damages sought in Civ. No. 05-1621(JP) against the television station and related defendants arise from the same events charged in Civ. No. 00-1338(RLA). That is, plaintiff seeks compensation from the illegal broadcasting of the infringing programs which is also the subject matter of the proceedings currently before us.

Even though plaintiff initially petitioned lost profits as well as actual damages in both proceedings, it opted to pursue only actual damages at the trial held in Civ. No. 1338(RLA) which the jury assessed at $772,079.29. Plaintiff has conceded that the actual damages sought in both cases was the same. Further, in addressing defendants' prior petition, plaintiff indicated that "[i]n the event plaintiff elects to be redressed in actual damages the amounts paid

**CIVIL NO. 00-1338 (RLA)**                                                          **Page 3**

in settlement by Televicentro **could be credited** to the amount of damages found after trial hearing."[2]

Based on the foregoing, we find that defendants in this case are entitled to a reduction in the $772,079.29 jury award by the $700,000.00 settlement sums received by plaintiff in Civ. No. 05-1621(JP) for claims arising from the same injury, i.e., actual damages resulting from the copyright infringement.

Accordingly, defendants' Motion to Set Aside the Jury Verdict (docket No. **409**)[3] is **GRANTED** and the Judgment entered in this case (docket No. 408) shall be **AMENDED** to reduce plaintiff's outstanding actual damages to **$72,079.29.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 27th day of March, 2009.

                                                          S/Raymond L. Acosta
                                                          RAYMOND L. ACOSTA
                                                United States District Judge

---

[2] Response in Opposition to Motion to Vacate Non Jury Trial (docket No. 289) p. 10 (emphasis ours).

[3] See Opposition (docket No. **412**).