IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TMTV, CORP.,

    Plaintiff,

v.

MASS PRODUCTIONS, INC., et al.,

    Defendants.

CIVIL NO. 00-1338 (RLA)

## ORDER DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES

Plaintiff has moved the court for an award of attorney's fees as a prevailing party in these proceedings pursuant to the provisions of 17 U.S.C. § 505. Despite the egregious conduct displayed by attorney John F. Nevares, defendants' counsel, as more fully described in TMTV's motion requesting attorney's fees (docket No. 414) pp. 9-13, the court is compelled to deny plaintiff's petition. The Copyright Act at 17 U.S.C. § 412[1] specifically disallows attorney's fees when the infringement at issue occurs subsequent to the initial publication of the protected work and prior to its registration. *See*,

---

[1] In pertinent part, § 412 reads:

    In any action under this title... no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for --

    . . . .

    (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

**CIVIL NO. 00-1338 (RLA)**                                                                      **Page 2**

Johnson v. Jones, 149 F.3d 494, 505 (6th Cir. 1998) (plaintiff unable to recover attorney's fees under Copyright Act if "infringement 'commenced' before the copyright was registered"); William A. Graham Co. v. Haughey, 430 F.Supp.2d 458, 473 (E.D.Pa. 2006) (if copyright is not registered prior to commencement of the infringement, attorney's fees may not be awarded "regardless of whether the infringement continued after the date of registration"); Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc., 832 F.Supp. 1378, 1393 (C.D.Cal. 1993) ("section [412] bars a copyright owner from recovering statutory damages or attorney's fees for copyright infringement if two conditions are met: (1) the copyright was registered more than three months after the work was first published, and (2) the infringing activity commenced after the date of first publication and before the effective date of registration of the work.")

　　The limitations set by section 412 were purposely designed to promote the timely registration of works by copyright owners. "The legislative history of section 412 supports the construction that the ordinary meaning of the statutory words suggests. Congress' evident purpose was to induce those owning copyrightable works to register them promptly." Singh v. Famous Overseas, Inc., 680 F.Supp. 533, 535 (E.D.N.Y. 1988). "Since under the new legislation copyright registration would no longer be compulsory, Congress, deeming registration useful and important, sought some practical means of inducing it. The means chosen was to deny the 'extraordinary' remedies of statutory damages and attorney's fees where registration is not promptly made. The threat of such a denial would hardly provide a significant motivation to register early if the owner of

**CIVIL NO. 00-1338 (RLA)**                                              **Page 3**

the work could obtain those remedies for acts of infringement taking place after a belated registration. *Id*. at 536. *See also*, Parfums Givenchy, 832 F.Supp. at 1394-95.

"Under section 412, infringement 'commences' when the first act of infringement in a series of on-going discrete infringements occurs... The alleged acts of infringement that occurred after the copyright was registered do not constitute new acts of infringement but a continuation of the infringement that 'commenced' prior to registration." Ez-Tixz, Inc. v. Hit-Tix, Inc., 919 F.Supp. 728, 736 (S.D.N.Y. 1996). "[T]he first act of infringement in a series of ongoing separate infringements 'commences' one continuing 'infringement' under Section 412(2). A new or separate basis for the award of statutory damages is created only where there is a difference between pre - and post - registration infringing activities." Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc., 832 F.Supp. 1378, 1393 (C.D.Cal.,1993) (internal citations brackets and quotation marks omitted).

Plaintiff began airing the protected sitcom subject to this litigation in 1997 whereas defendants' infringing derivative program was broadcasted commencing in March 2000. According to the evidence on record, registration of the three seminal scripts for the copyrighted program did not take place until June 2000 and November 2001.

Based on the foregoing, it is evident that copyright registration occurred years after the protected program was first aired and subsequent to the infringement. Thus, by operation of section 412, plaintiff is not entitled to attorney's fees in this action despite its prevailing party status.

**CIVIL NO. 00-1338 (RLA)**                                                                **Page 4**

---

    Accordingly, TMTV's request for attorney's fees (docket No. **414**)[2] is **DENIED**.

    IT IS SO ORDERED.

    San Juan, Puerto Rico, this 27th day of March, 2009.

                                                 S/Raymond L. Acosta
                                                     RAYMOND L. ACOSTA
                                            United States District Judge

---

[2] See Opposition (docket No. **425**).