UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TMTV, CORP.,

**Plaintiff**,

v.

MASS PRODUCTIONS, INC., *et al.*,

**Defendants**.

CIVIL NO. 00-1338 (FAB)

OPINION AND ORDER[1]

BESOSA, District Judge.

Before the Court is the motion for reconsideration filed by defendants Mass Productions, Inc., Emanuel Logroño ("Logroño"), and Gilda Santini (collectively, "defendants") (Docket No. 487), the plaintiff's opposition (Docket No. 492), and defendants' reply to plaintiff's opposition (Docket No. 499). For the reasons set forth below, defendants' motion to reconsider is **DENIED**.

DISCUSSION

I.  Background

In 1997, the production company, Creative Relief Corp. ("CRC"), created the sitcom *20 Pisos de Historia* to fill time on its new variety show. (Docket No. 481, p. 2.) Plaintiff TMTV Corp. ("TMTV") is the successor in interest to CRC. Id. Defendant Logroño was a co-host on CRC's variety show. Id. The sitcom was

---

[1] Elizabeth Gray, a second-year student at the University of New Hampshire School of Law, assisted in the preparation of this Opinion and Order.

developed by CRC, two scriptwriters, and defendant Logroño, and it followed the lives of residents of a condominium.  Id. at pp. 2-3. On November 7, 1997, *20 Pisos de Historia* first aired on the WKAQ television station.  Id. at p. 4.  In December 1999, Logroño left the TMTV the network to work for its rival, WKAQ.  Id.  At WKAQ, Logroño starred in *El Condominio*, a sitcom with the same characters, actors, and a similar location as *20 Pisos de Historia*. Id. at pp. 4-5.

On March 15, 2000, plaintiff TMTV filed a complaint against the defendants alleging copyright infringement regarding the television programs.  Id. at p. 2.  On November 24, 2004, Judge Raymond L. Acosta granted summary judgment in favor of the plaintiff, finding that the defendants' sitcom, *El Condominio*, was an unauthorized derivative work.  (Docket 99.)  The only issue remaining was damages, which was set for trial.  Id. at p. 39.  On August 22, 2007, plaintiff TMTV filed a motion requesting the impoundment of video tapes containing the infringing television show.  (Docket No. 293.)  On September 6, 2007, Judge Acosta issued an order which granted plaintiff's motion and provided in part that Televicentro de Puerto Rico, Inc. ("Televicentro"), a third party, should "preserve and safe-keep" the tapes "until this Court

otherwise disposes."[2] (Docket No. 315.) Id. On January 30, 2009, the jury awarded TMTV $772,079.29. (Docket No. 405.) Subsequently, on March 27, 2009, Judge Acosta entered an amended judgment reducing TMTV's award to $72,079.29 because of the $700,000 settlement reached in Civil No. 05-1621 (JP). (Docket No. 434 at p. 1.) Both parties filed timely appeals. (Docket No. 481 at p.7.)

On June 13, 2011, the First Circuit Court of Appeals entered final judgment, upholding the district court's ruling that TMTV was the owner of *20 Pisos de Historia* and the derivative work *El Condominio*. (Docket 481.) The First Circuit Court of Appeals issued the formal mandate of the court on July 15, 2011. (Docket No. 484.) On that same date, plaintiff TMTV filed a motion requesting the release of the previously impounded video tapes. (Docket No. 483.) On July 22, 2011, this Court granted TMTV's motion. (Docket No. 486.) On August 8, 2011, defendants filed a motion for reconsideration of the Court's ruling. (Docket No. 487.) Defendants argue that reconsideration is proper because: (1) the plaintiff's motion was not opposed sooner because of "inadvertence," (2) the plaintiff "omitted several crucial facts"

---

[2] Specifically, Televicentro was ordered to: (1) submit an inventory of the tapes and other recordings of the sitcom *El Condominio* in its custody and/or control, (2) preserve and protect said tapes and recordings, and (3) refrain from "altering, editing, assigning, disposing, licensing, selling, transferring and/or destroying the tapes and other recordings." (Docket No. 315.)

Civil No. 00-1338 (FAB)                                                    4

in its motion for release of the tapes, and (3) the disposition of a separate civil action should prevent the plaintiff from acquiring the tapes.  Id.  Subsequently, on August 9, 2011, TMTV filed an opposition to the motion for reconsideration.  (Docket No. 492.)  On August 16, 2011, defendants replied.  (Docket No. 499.)  In their reply, the defendants argue that (1) the plaintiff's failure to request the tapes in their complaint or pre-trial order and *res judicata* prevent the plaintiff from recovering, and (2) the Court must consider the possibility of a future infringement on the rights of non-parties to deny the plaintiff's request.  Id.

**II.  Motion for Reconsideration**

"The Federal Rules of Civil Procedure do not recognize a 'motion for reconsideration' in *haec verba*."  Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied* 510 U.S. 859, *abrogated on other grounds by* Little v. Liquid Air Corp., 37 F.3d 1069, 1775-76 (5th Cir. 1994).  Those motions are usually decided under either Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b).  See In re Spittler, 831 F.2d 22, 24 (1st Cir. 1987) ("Notwithstanding that [appellant] did not denominate any particular rule as the springboard for its reconsideration motion, it is settled in this circuit that a motion which asked the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)."); Fisher v. Kadant,

Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting that plaintiff's motion for reconsideration implicated either Rule 59(e) or 60(b)). A successful Rule 59(e)[3] motion requires that a party "clearly establish a manifest error of law or [] present newly discovered evidence." Markel Am. Ins. Co. v. Diaz-Santiago, No. 11-1101, 2012 U.S. App. Lexis 5564, at * 29-30 (1st Cir. Mar. 16, 2012). The motion must not "raise arguments which could, and should, have been made before judgment [was] issued." Fed. Deposit Ins. Corp. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (internal quotations omitted). Motions filed pursuant to Rule 59 are not "confined to the six specific grounds for relief found in Rule 60(b)." Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Conversely, the Rule 60(b)[4] standard requires that a party "demonstrate 'at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the

---

[3] Rule 59(e) provides in pertinent part that "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e).

[4] Rule 60(b) provides in pertinent part that:

> "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons [among others]: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . . Fed.R.Civ.P. 60(b)"

[ability] to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" Fisher, 589 F.3d at 512. A motion is characterized pursuant to Rule 59(e) or Rule 60(b) based upon its filing date. Perez-Perez, 993 F.2d at 284. "If a motion is served within [twenty-eight][5] days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e)." Id. Motions served after the twenty-eight days are considered under Rule 60(b). Id. The Court will first determine under which rule the defendants' motion should be regarded. Then the Court will determine whether reconsideration is proper.

**III. Legal Analysis**

    **1.   The Defendants' Motion Implicates Rule 59(e)**

    The defendants' motion for reconsideration is characterized as a Rule 59(e) motion. The motion was filed within the twenty-eight day time period provided by Rule 59. Fed.R.Civ.P. 59(e); see also Perez-Perez, 993 F.2d at 284 ("the litigant who gets his motion in on time enjoys the . . . relief provided by Rule 59 . . . ."). Despite an apparent attempt to present the

---

[5] A 2009 Amendment increased the filing time period from ten to twenty-eight days. Fed.R.Civ.P. 59(e).

reconsideration as a Rule 60(b) motion, the calendar prevails.[6] See Perez-Perez, 993 F.2d at 284 ("a timely filed motion [for reconsideration] could be treated as filed under Rule 59 even though it was . . . filed pursuant to Rule 60(b).") (internal citations omitted). Because the defendants' motion for reconsideration was timely filed, Rule 59(e) is implicated for the analysis. See id. The Court will now determine whether reconsideration is proper.

### 2. Reconsideration of the Return Order is not Proper

The defendants fail to persuade the Court to reconsider the return order. See Soto-Padro v. Pub. Bldgs. Auth., No. 10-2413, 2012 U.S. App. LEXIS 5144, at *21 (1st Cir. Mar. 12, 2012) (commenting that judges' discretion and the high standards of the rule make it "exceedingly difficult for a litigant to win an Rule 59(e) motion.") (internal citations omitted). Reconsideration of the return order is not proper because (1) neither the defendants' motion nor their reply "clearly establish[es] a manifest error of law or [] present[s] newly discovered evidence," and (2) the argument should have been raised earlier. Markel Am. Ins. Co., No. 11-1101, 2012 U.S. App. Lexis 5564, at *29-30; see

---

[6] Defendant argues that "reconsideration is proper as Plaintiff omitted several crucial facts . . .", seeming to implicate Rule 60(b)(3) which allows for relief due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . ." Fed.R.Civ.P. 60(b); (Docket No. 487, p. 2, ¶ 4.)

Civil No. 00-1338 (FAB)                                                8

Fed. Deposit Ins. Corp., 978 F.2d at 16 (finding district court's refusal to amend judgment proper where party failed to raise a timely argument, and "the argument neither reveal[ed] a manifest error of law nor present[ed] newly discovered evidence."). The defendants argue that reconsideration is proper because: (1) the plaintiff's motion was not timely opposed because of "inadvertence," (2) the plaintiff "omitted several crucial facts" in its motion for release of the tapes, (3) the Court must consider the possibility of future infringement by non-parties to the present case to deny the plaintiff's request, and (4) the plaintiff's failure to request the tapes in their complaint or pre-trial order and *res judicata* prevent the plaintiff from recovering. (Docket Nos. 487 & 499.) In regards to the defendants' first argument, the Court does not consider "inadvertence" a valid excuse for failing to file a proper motion. See Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011) ("A party's failure, on account of ignorance or neglect, to timely oppose a motion in the district court constitutes forfeiture.") (citing Rivera-Torres v. Ortiz-Velez, 341 F.3d 86, 102 (1st Cir. 2003)). As to their second argument, that the plaintiff "omitted several crucial facts" in its motion, the defendants fail to include any citation to persuasive or controlling case law. (See Docket No. 487.) As the First Circuit Court of Appeals recently stated, "[j]udges are not mind-readers, so parties must spell out their

Civil No. 00-1338 (FAB)                                                9

issues clearly, highlighting the relevant facts and analyzing on-point authority." Rodriguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011).  This Court will not engage in the task of developing a factual record and fleshing out legal argumentation - that is the responsibility of the party requesting relief. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (where issues have been "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, [they] are deemed waived.")

The defendants' third argument is equally unpersuasive. The defendants claim that the potential for a future infringement and resulting litigation should prevent the plaintiff from receiving the video tapes.  (Docket Nos. 487 & 499.)  The mere prospect of possible litigation by a non-party to the current claim need not be considered.  See Latin Am. Music Co. v. Archdiocese, 499 F.3d 32, 46 (1st Cir. 2007) ("[A] party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (quoting Kowalski v. Tesmer, 542 U.S. 125, 129 (2004)).  Lastly, the defendants argue that the plaintiff's failure to request the tapes in its complaint or pre-trial order and *res judicata* prevent the plaintiff from recovering.   (Docket Nos. 487 & 499.) Specifically, the defendants claim that the plaintiff did not request the return of the tapes prior to entry of the final

Civil No. 00-1338 (FAB)                                                10

judgment.  (Docket No. 499.)  To the contrary, the plaintiff filed the motion requesting the tapes on July 15, 2011, the same date upon which the First Circuit Court of Appeals issued its formal mandate.  (See Docket Nos. 483 & 484.)  "[I]t is the date on which the mandate is issued which determines when the district court reacquires jurisdiction for further proceedings."  United States v. Rush, 738 F.2d 497, 509 (1st Cir. 1984), *cert. denied*, 470 U.S. 1004 (1985); see also Hickey v. Wellesley Pub. Schs., Nos. 94-1642, 94-1965, 1995 U.S. App. LEXIS 1392, at *1, (1st Cir. Jan. 25, 1995) ("The effect of the mandate is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court, returning it to the forum from whence it came.").  Furthermore, *res judicata* is not an applicable argument as it is an affirmative defense used when responding to a pleading to prevent the re-litigation of claims.  Fed.R.Civ.P. 8(c)(1); see Rodriguez-Torres v. Gov't. Dev. Bank, No. 10-2228, 2011 U.S. Dist. LEXIS 38194, at *4 (D.P.R. Apr. 5, 2011) ("***res judicata*** bars not only those claims that were actually litigated on the earlier action but also those claims **that could have been litigated therein**.") (emphasis in original) (internal citations omitted).  Based upon the above facts, the Court finds that the defendants fail to establish a manifest error of law.  Moreover, the defendants "could, and should, have" made their arguments earlier.  Fed. Deposit Ins. Corp., 978 F.2d at 16.  On July, 15,

2011, plaintiff TMTV filed a motion requesting the release of the previously impounded infringing video tapes.  (Docket No. 483.) The defendants failed timely to object to that motion, pursuant to this Court's Local Rules; thus, the Court need not consider the defendants' arguments.  Loc. Rule 7(b); see U.S. v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) ("[m]otions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'") (internal citations omitted).  Considering the defendants' failure to raise its arguments earlier, lack of supporting legal analysis, and inability to establish a manifest error of law, the defendants have failed to persuade the Court to reconsider its previous ruling.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the defendants' motion to reconsider.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 9, 2012.

                                         s/ Francisco A. Besosa
                                         FRANCISCO A. BESOSA
                                         UNITED STATES DISTRICT JUDGE